Dermot Givens
468 N. Camden Dr., ste. 205
Beverly Hills, CA, 90210
(310) 854-8823
dermot@dgivenslaw.com
Pro Per

United States Courts
Southern District of Texas
FILED

MAR 13 2026

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

LYDIA HARRIS,                          ) Case No. 4:25-CV-05515
               PLAINTIFF,         )
                                       )
V.                                     )
                                       ) ANSWER
                                       )
UNIVERSAL MUSIC GROUP, et al...,       )
               DEFENDANTS         ) Judge Charles Eskridge
                                       )

TO THE COURT AND COUNSELS OF RECORD DEFENDANT DERMOT GIVENS ANSWERS AS FOLLOWS:

I. BACKGROUND

This litigation is based on the judgement in California Superior Court Case No. BC268857 that led to filing of a bankruptcy case that is the subject of this case.

Lydia Harris did not disclose to the California Superior Court her previous Chapter 7 bankruptcy, Case No. 1-96-bk-15521-GM. As a result of this initial non-disclosure, the California Superior Court has not acknowledged the existence of the automatic stay.

Based on the judgment in BC268857, various parties filed bankruptcies.

Various parties to the litigation have sought to preserve the judgment in BC268857 and have acted artfully to not have any court directly address the issue of the lack of jurisdiction of the California Superior and result in relitigating the default judgment in BC268857.

Subsequent to years of litigation in 2014, Judge Mund specifically ruled that the litigation assets held by Harris are assets of the bankruptcy estate. And that any new litigation, if discovered, has not been prosecuted or abandoned by the Trustee of the Harris bankruptcy estate. She also ruled that it is the Trustee of the bankruptcy estate that is the proper party, not Harris and not Givens, to further litigate any issues, including requesting that the bankruptcy be re-opened to litigate those assets.

Judge Mund did not re-open the bankruptcy no proper party, including Lydia Harris who was present, had introduced evidence of the existence of litigation assets.

As a result of the bankruptcy being closed and no Trustee of the Bankruptcy Estate raising the issue, the California State Courts have not addressed the issue of the bankruptcy court having exclusive jurisdiction over the litigation, the impact of the automatic stay or the invalidity of the judgment.

No court has addressed the fundamental issue of whether the litigation in BC268857, including the judgment being void due to the lack of jurisdiction of the California state courts.

After years of litigation, in the interest of justice, this Court can address the issue.

II. THE STATE LITIGATION VIOLATED THE AUTOMATICE BANKRUPTCY STAY.

*Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11 28 U.S.Code Sect. 1334*

*The bankruptcy estate includes all of the debtor's legal and equitable interests in property as of the commencement of the case. (11 U.S.C. § 541(a)(1).)*

*Judicial proceedings in violation of the stay are void ab initio. (In re Gruntz (9th Cir. 2000) 202 F.3d 1074*

On May 17, 1996, an automatic stay of litigation was created on the filing of bankruptcy case No. 1-96-bk-15521-GM by Lydia Harris. That stay precluded all subsequent litigation. Harris did not include any litigation assets in her schedule of assets.

On February 26, 2002, 7 years later, Lydia Harris filed state court action BC268857 in violation of the stay.

Leave from the stay has never been sought or granted by Lydia Harris, the Bankruptcy Trustee or any party.

Thus, the litigation in BC268857, including the judgment, violates the stay, is void and the litigation is still within the exclusive jurisdiction of the federal court.

### III. THE LITIGATION IN BC268857 IS AN ASSET OF THE BANKRUPTCY ESTATE

> Judge Mund, issued a ruling in the Harris Bankruptcy case ,1-96-bk-15521-GM, in 2014, that states "...To the extent that any unscheduled property of the Debtor's bankruptcy Estate remains unadministered, though the Court is informed and believes that no such property exists, such unscheduled property of the Debtor's Estate has not yet been administered or abandoned in this bankruptcy case and is not considered abandoned by the bankruptcy estate or upon entry of this Order; ..."

Lydia Harris presents this litigation as new litigation that was not disclosed to Judge Mund. This new litigation requires that a Trustee for the Lydia Harris bankruptcy address the issues presented.

Lydia Harris, in her recently filed adversary proceeding on 10/30/25 in U.S. Bankruptcy Court – Central District of California- Los Angeles Case No. 2:06-bk-11205-VZ that acknowledges that this litigation is an asset her bankruptcy estate when she allege that:

"...property of the estate remains improperly held by Defendants,..."

Thus, there are assets, including this litigation, that are part of the Lydia Harris bankruptcy estate.

### IV. Prayer

That this Court include in it's ruling a statement that:

- Conforms it's ruling with the prior ruling of Judge Mund and specifically states that the litigation in BC268857 as newly alleged by Lydia Harris is an asset of the Lydia Harris bankruptcy estate.

- Void the judgment in BC268857 as being in violation of the automatic stay,

Or

- transfers this case to the Harris bankruptcy court for appointment of a Bankruptcy Trustee, as the real party of interest, to litigate these matters.

BY: _____   DATED: 3/8/26
Dermot Givens, Pro per

## CERTIFICATE OF SERVICE

I, Marc Oliver, am over the age of 18 years. My contact information is 468 N. Camden Dr. Ste. 205, Beverly Hills, CA, 90210 (310) 854-8823 On May 10, 2026 I served the:

## ANSWER

via email to the following parties and their counsels of record:

| | | |
|---|---|---|
| Universal Music | P. Reid, Esq. | pried@sidley.com |
| DRR LCC | M.Wellman, Esq. | mwellman@vanable.com |
| | Doug Daniels, Esq. | doug.daniels@dtlawyers.com |
| | Sabrina Tour, Esq. | sabrina@dtlawyers.com |
| Lydia Harris | Pro Per | justlydia1@yahoo.com |

I sign this under penalty of perjury according to the laws of the State of Texas.

Marc Oliver            3/10/26         [signature]



D. Givens
468 N Camden Dr. #205
Beverly Hills CA
90210

LOS ANGELES CA 900
10 MAR 2026 PM 13 L

United States Courts
Southern District of Texas
FILED
MAR 13 2026
Nathan Ochsner, Clerk of Court

Clerk of the Court
U.S. District Court - Southern/Houston
P.O. Box 61010
Houston TX 77208

77208-101010