United States District Court
Southern District of Texas
**ENTERED**
November 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LYDIA HARRIS, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-05515 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| UNIVERSAL MUSIC GROUP, | § | |
| INC, *et al*, | § | |
| Defendant. | § | |

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

Plaintiff Lydia Harris proceeds here *pro se*. She filed this action for an alleged civil conspiracy by Defendants Universal Music Group Inc, Interscope Records, Lucian Grainge, Jimmy Iovine, David Cohen, Death Row Records, Calvin Broadus, Dermot Givens, Marion Knight, Mickey Shapiro, Alan Grunblatt, Time Warner Inc, Warner Music Group Corp, Conquest Media Group LLC, Blackstone Inc, and Doe Defendants. Dkt 8. She asserts that they conspired to deprive her of her interest in Death Row Records and the proceeds of a default judgment for $107 million. Id at 6–10; Dkt 49-1 at 3 (default judgment).

The matter was referred for disposition to Magistrate Judge Dena H. Palermo. Dkt 72. Pending are motions to dismiss by Defendants. Dkts 25, 41, 45, 75 & 87. Also pending is a motion by Plaintiff for clarification. Dkt 94.

Judge Palermo recommends that the motions to dismiss by Defendants be granted, and that the claims by Plaintiff be dismissed with prejudice. Dkt 103 at 11. She also recommends that the motion for clarification be denied as moot. Ibid.

On September 30, 2026, this matter was stayed due to a notice of appellate proceedings in *Harris v Death Row Records, Inc*, No 2:26-cv-1895 (CD Cal). Dkt 109 (staying case); see Dkts 98 & 101 (notices); see also Dkts 100 (order to state position regarding stay), 102 & 104–07 (statements). It was noted that the pending report and recommendation would be considered in light of any objections received. Dkt 109 at 2.

As it turns out, Plaintiff earlier that same day had filed objections. Dkt 108. She argues that the report improperly compresses and conflates distinct transactions and injuries into related occurrences. Id at 2–3, 6–8. She also asserts that the report errs when recommending dismissal with prejudice upon finding Plaintiff's claims to be time-barred. Id at 10–12.

The stay is thus lifted to consider the recommendation of the Magistrate Judge.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and determination, the objections lack merit. Judge Palermo considered and rejected each of these arguments in her report and recommendation. Dkt 103.

As to Plaintiff's objections regarding the procedural record and assertion of distinct injuries, transactions, and events, Judge Palermo thoroughly and accurately addressed the long procedural history of this dispute. Id at 1–4. She correctly determined that Plaintiff's conspiracy claims regarding her interest in Death Row Records

accrued in 2002, and that any injuries stemming from the bankruptcy sale accrued in 2009. Id at 5–9. She thus correctly determined that Plaintiff's RICO, fraud, and civil conspiracy claims are time-barred. Id at 10.

As to dismissal with prejudice, Judge Palermo correctly found all of Plaintiff's claims time-barred, with amendment thus being futile. Id at 6. The Fifth Circuit observed in *Anokwuru v City of Houston* that "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." 990 F3d 956, 966 (5th Cir 2021), quoting *Marucci Sports, LLC v National Collegiate Athletic Association,* 751 F3d 368, 378 (5th Cir 2014). And it is clear from the pleadings that no set of facts could support her claims or entitle her to relief. *Terry v De Leon*, 2026 WL 805419, at *3 (ND Tex) (noting that "where the Court determines that a *pro se* plaintiff has had the opportunity to state her best case, the Court may dismiss the complaint with prejudice").

No clear error otherwise appears upon review and consideration of the Report and Recommendation, the record, and the applicable law.

*   *   *

It is ORDERED that the stay in this matter is LIFTED, and it is RESTORED to the active docket.

The Report and Recommendation of the Magistrate Judge is ADOPTED as the Report and Order of this Court. Dkt 103.

The motion to dismiss by Defendants Lucian Grainge, Interscope Records, Jimmy Iovine, and Universal Music Group Inc is GRANTED. Dkt 25.

The motion to dismiss by Defendants Death Row Records LLC and Calvin Broadus is GRANTED. Dkt 41.

The motion to dismiss by Defendants Warner Bros. Discovery, Inc, is GRANTED. Dkt 45.

The motion to dismiss by Defendants MNRK Music Group LP, Blackstone Inc, and Hasbro, Inc, is GRANTED. Dkt 75.

The motion to dismiss by Defendant Warner Music Group Corp is GRANTED. Dkt 87.

The motion by Plaintiff Lydia Harris for clarification is DENIED AS MOOT. Dkt 94.

Any other motions are DENIED AS MOOT.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on November 24, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge